# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**LUIS AVILA-GONZALEZ, and ISAIAS RAMIEREZ-RESENDIZ, individually and on behalf of all other persons similarly situated,**

**Plaintiffs,**

-vs-                                    **Case No.  2:04-cv-567-FtM-33DNF**

**MARIA R. BARAJAS and SAMUEL BARAJAS,**

**Defendants.**
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration on the following motion filed herein:

> **MOTION:**    **PLAINTIFFS' MOTION FOR DECLARATION OF A CLASS ACTION (Doc. No. 11)**
>
> **FILED:**    **February 2, 2005**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The Motion for Declaration of a Class Action (Doc. 11) was referred to this Court for a report and recommendation by the Honorable Virginia M. Hernandez Covington, United States District Judge by Order (Doc. 14) dated February 14, 2005.  No response was filed to the Motion

for Declaration of Class Action, and after the response time has passed, the Court entered an Order

(Doc. 17) requiring the Defendants to respond to the Motion on or before March 29, 2005.  The

Defendants failed to file a response, and the Court has taken the Motion under advisement without

a response.  The Plaintiffs alleged in the Complaint (Doc.1) that this is an action for a violation of

the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq*, and for breach of an employment contract.

The Plaintiffs have moved for certification of the following class:

> All individuals admitted to the United States pursuant to Section
> 101(a)(15)(H)(ii)(a) of the Immigration and Nationality Act, 8 U.S.C.
> §1101(a)(15)(H)(ii)(a) ("H-2A workers") who were employed by Maria R. Barajas
> and/or Samuel Barajas to pick citrus fruit during the 2000-01, 2001-02, 2002-03,
> 2003-04 Florida citrus harvests.

(Motion for Declaration of Class Action, Doc. 11, p. 2).


**Facts**[1]

This action was brought by two migrant agricultural workers who worked for the

Defendants Maria R. Barajas and Samuel Barajas.  (Com[2]. ¶1,2).  The Plaintiffs are citizens of

Mexico who were admitted into the United States on a temporary basis pursuant to 8 U.S.C.

§1101(a)(15)(H)(ii)(a) to hand-pick citrus fruit for the Defendants for various periods of time from

November 2000 through June 2004.  (Com. ¶ 6). The Defendants jointly operate a farm labor

contracting business which recruits and furnishes migrant agricultural workers for the citrus-

harvesting season in central Florida. (Com. ¶7). Orange Blossom Harvesting, Inc. hired the

---

[1]  The facts are taken from the Complaint (Doc. 1), and the Court makes no ruling on the
merits of the claims.

[2] "Com." refers to the Complaint (Doc. 1).

Defendants' to provide farmworkers for the 2000-01, 2001-02, 2002-03, 2003-04 citrus harvests. (Com. ¶18).  The Defendants applied for H-2A workers in the name of Maria R. Barajas.  (Com. ¶19).  The Defendants recruited the Plaintiffs and other individuals from Mexico to fill the positions needed.  (Com. ¶23).  Plaintiff Luis Avila-Gonzalez was recruited for the 2000-01 and 2001-02 seasons, and Plaintiff Isaias Ramirez-Resendiz was recruited for the 2001-02 season. (Com. ¶23).  The Defendants paid the Plaintiffs a substantial recruitment fee.  (Com. ¶24).

The Plaintiffs allege the following facts.  They traveled at their own expense from Monterrey, Nuevo Leon, Mexico to apply for the H-2A visas, paid a $100 visa application fee, and paid a $100 visa issuance fee.  (Com. ¶26).  The Plaintiffs purchased passports, photographs, and paid a $6.00 fee for the issuance of a Form I-94.  (Com. ¶26). The Plaintiffs incurred transportation and subsistence expenses in traveling from Mexico to the Defendants' jobsite.  (Com. ¶27).  The Plaintiffs were charged rent for their housing by the Defendants.  (Com. ¶29).  The Plaintiffs earned less than the amount due under the "adverse effect wage rate", and at times their piece rate earning were less than the amount due under the minimum wage provisions.  (Com. ¶30).  The Defendants did not supplement the piece rate earnings of the Plaintiffs.  (Com. ¶31).

In Count I, the Plaintiffs allege that the Defendants violated the Fair Labor Standards Act by failing to place a poster in a conspicuous place informing the Plaintiffs of their right to a minimum wage. (Com. ¶34) The Defendants failed to pay the Plaintiffs at least $5.15 for each hour worked.  (Com. ¶36).  The Defendants failed to reimburse the Plaintiffs for their passport fees, visa-related expenses, form I-94 fees, and the cost of travel from Mexico to the Defendant's jobsite.  (Com. ¶38).  The Defendants also charged for the Plaintiffs for their housing which violated the law.  (Com. ¶39).

In Count II, the Plaintiffs allege that the Defendants breached the employment contract that is in the clearance orders which are a part of the temporary labor certification applications. (Com. ¶41).  The Plaintiffs claim that the Defendants breached the employment contracts as follows: 1) by paying the Plaintiffs less then the "applicable adverse effect wage rate for their labor; 2) by not fully reimbursing the plaintiffs for the costs incurred for transportation and subsistence; by not providing rent-free housing; and by not complying with the minimum wage laws."  (Com. ¶43).


**Analysis**

The question of whether to certify a class is left to the sound discretion of the district court. *Cooper v. Southern Company*, 390 F.3d 695, 711 (11th Cir. 2004). The party moving for class certification has the burden of proof to establish the propriety of the class certification. *Valley Drug Co. v. Geneva Pharmaceuticals, Inc.*, 350 F.3d 1181, 1187 (11th Cir. 2003), citing *Jones v. Diamond*, 519 F.2d 1090, 1099 (5th Cir.1975), *Heaven v. Trust Co. Bank*, 118 F.3d 735, 737 (11th Cir.1997).  In order to certify a class, all the requirements of Fed.R.Civ.P. 23(a) must be met, as well as one requirement of Fed.R.Civ.P. 23(b).  *Hines v. Widnall*, 334 F.3d 1253, 1255 (11th Cir. 2003).  The four elements required for class certification are: 1) numerosity, the class is so numerous that joinder of all members is impracticable; 2) commonality, there are questions of law or fact common to the class; 3)  typicality, the claims or defenses of the class are typical;  and 4) adequacy, the class representative will fairly and adequately protect the interests of the class.  *Id*. at 1255-56, *Franze v. Equitable Assurance*, 296 F.3d 1250, 1253 (11th Cir. 2002), citing Fed.R.Civ.P. 23(a).

Rule 23(b) requires plaintiffs to show that either (1) the prosecution of separate action would create a risk of inconsistent results, or (2) the defendant acted in ways generally applicable to the class making injunctive relief appropriate; or (3) there are common questions of law or fact common to members of the class that predominate over questions affecting only individual members. *Franze v. Equitable Assurance*, 296 F.3d at 1253, citing Fed.R.Civ.P. 23(b).  The district court is required to evaluate the requirements of a class certification even if not seriously contested by the defendants.  *Valley Drug Co. v. Geneva Pharmaceuticals*, 350 F.3d 1181, 1188 (11th Cir. 2003).  A trial court should not determine the merits of the claims at the class certification stage, however, the trial court can consider the merits of the case "to the degree necessary to determine whether the requirements of Rule 23 will be satisfied."  *Id*. at 1188, n. 15.

The Plaintiffs seek to represent a class consisting of all H-2A[3] workers who were employed by the Defendants to pick citrus fruit during the 2000-01, 2001-02, 2002-03, 2003-04 harvesting season. (Com. ¶11).  The class members are geographically diverse and the number of individuals that qualify as class members is over 100 individuals.  (Com. ¶12).  The class members are citizens of Mexico, not fluent in English, are indigent, and are not familiar with the American legal system. (Com. ¶12).

**Standing**

Initially, the Court must determine that a class representative has standing pursuant to Article III to raise each class claim.  *Murray v. U.S. Bank Trust Nat. Ass'n.,* 365 F.3d 1284, 1289,

---

[3]"H-2A" refers to aliens admitted to the United States pursuant to 8 U.S.C. §§1101(a)(15)(H)(ii)(a).

n. 7 (11th Cir. 2004).   "Without individual standing to raise a legal claim, a named representative does not have the requisite typicality to raise the same claim on behalf of a class."  *Hines v. Widnall*, 334 F.3d 1253, 1256 (11th Cir. 2003).  The Plaintiffs contend that they satisfy this requirement because they are H-2A workers who were employed by the Defendants to pick citrus during the 2000 through 2004 harvest seasons.  After a review of the allegations in the Complaint, the Court concludes that the proposed class representatives have standing to pursue the claims in the Complaint.

### Rule 23(a) Requirements

<u>Numerosity</u>

Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is impracticable."  Fed.R.Civ.P. 23(a)(1).  Plaintiffs seeking class certification do not need to know the exact size of the proposed class.  *Agan v. Katzman & Korr, P.A.*, 222 F.R.D. 692, 696 (S.D. Fla. 2004).  While the size of the proposed class is relevant to the court's determination, other factors such as "'the geographic diversity of the class members, the nature of the action, the size of each plaintiff's claim, judicial economy and the inconvenience of trying individual lawsuits, and the ability of the individual class members to institute individual lawsuits'" should also be considered.  *Id*., *citing In re Terazosin Hydrochloride Antitrust Litigation*, 220 F.R.D. 672, 685 (S.D. Fla 2004), *citing Walco Inv., Inc. v. Thenen*, 168 F.R.D. 315, 324 (S.D. Fla. 1996).

The Plaintiffs estimate that the size of the class is over 100 individuals. The proposed class is geographically diverse in that its members reside in Mexico and do not speak English fluently. They  have very few resources which would allow them to bring individual actions, and are not

familiar with the American legal system.  The Court agrees that the joinder of over 100 migrant

agricultural workers would be extremely burdensome in light of their lack of knowledge of the

American legal system, their limited English skills, their limited resources, and their geographic

diversity.  The Court concludes that the Plaintiffs have satisfied the numerosity requirement of

Rule 23(a)(1).


Typicality

The main focus of the typicality requirements is that the plaintiffs will advance the interests

of the class members by advancing their own interests.  *Agan v. Katzman & Korr, P.A.*, 222 F.R.D.

692, 698 (S.D. Fla. 2004).  "'Typicality measures whether a sufficient nexus exists between the

claims of the named representatives and those of the class at large.'" *Cooper v. Southern

Company*, 390 F.3d 695, 713 (11th Cir. 2004), *citing Prado-Steiman v. Bush*, 221 F.3d 1266, 1279

(11th Cir. 2000).  "The typicality requirement is satisfied if 'the claims or defenses of the class and

class representative arise from the same event or pattern or practice and are based on the same

theory.'" *Agan*, 222 F.R.D. at 698, *citing Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332,

1337 (11th Cir. 1984).  The typicality requirement is generally met if the class representative and

the class members received the same unlawful conduct, irrespective of whether the fact patterns

that underlie each claim vary.  *Agan*, 222 F.R.D. at 698.   The main concern is whether the named

class representatives' claims have the same essential characteristics as the class members at large.

*Id.*[4]

---

[4]  The typicality and commonality requirements "tend to merge."  *General Telephone Co.
of Southwest v. Falcon*, 457 U.S. 147, 157 n. 13 (1982).  "Traditionally, commonality refers to the
group characteristics of the class as a whole and typicality refers to the individual characteristics of

The Plaintiffs contend that the typicality requirement is met because the claims of the named Plaintiffs are the same in all relevant aspects as those of the potential class members. The Plaintiffs contend that the Defendants breached the terms of the employment contract which is embodied in the clearance order by failing to reimburse the Plaintiff for certain expenses, and by failing to pay the Plaintiffs and the other class members the applicable adverse effect wage rate for their labor. After careful review of the Plaintiffs' contentions regarding the typicality requirement, the Court concludes that the Plaintiffs have satisfied the typicality requirement under Rule 23(a).

Commonality

The "commonality requirement measures the extent to which all members of a putative class have similar claims. 'Traditionally, commonality refers to the group characteristics of the class as a whole [while] typicality refers to the individual characteristics of the named plaintiff in relation to the class.' [*Prado-Steiman*, 221 F.3d at 1279]. Under the commonality requirement, 'a class action must involve issues that are susceptible to class wide proof.'" *Cooper*, 390 F.3d at 714, citing *Murray v. Auslander,* 244 F.3d 807, 811 (11th Cir. 2001). The Plaintiffs contend that questions of law and fact are common to the class members. Specifically, the Plaintiffs identify the following as the common legal and factual claims:

> a.      Whether the Defendants breached the terms of their employment contract, as embodied in his clearance order, by failing to reimburse the Plaintiffs and [] pay the class members during their first week of employment for transportation, visa

---

the named plaintiff in relation to the class." *Prado-Steiman v. Bush*, 221 F.3d 1266, 1278-9 (11th Cir. 2000). Neither typicality nor commonality require that all class members' claims be identical, and both may be satisfied even if some factual differences exist between the class member and the class representatives. *Id*. at 1279 n.14.

and border-crossing expenses so that these workers' wages for the week exceeded
the adverse effect wage rate;
b.       Whether the Defendants breached the terms of their employment contract
with the Plaintiffs and the other class members by failing to reimburse the workers
for their transportation costs between their home villages and the U.S. Consulate in
Monterrey, Nuevo Leon, Mexico; and
c.       Whether the Defendants failed to pay the Plaintiffs and the other members
of the class the applicable adverse effect wage rate for their labor.

(Motion, Doc. 11, p. 2-3).  The proposed class is over 100 migrant agricultural workers employed

by the Defendants during the 2000-01, 2001-02, 2002-03, 2003-04 harvest seasons who were

damaged by an alleged violation of the Fair Labor Standards Act and by a breach of an

employment contract.   Upon review of the Plaintiffs' contentions, the Court concludes that the

Plaintiffs have satisfied the commonality requirement under Rule 23(a).


Adequacy of Representation

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the

interests of the class."  Fed.R.Civ.P. 23(a)(4). There are two separate inquiries under this section:

(1) whether there are any substantial conflicts of interest between the named representatives of the

class and the class members; and (2) whether the representatives will adequately prosecute the

action.  *Valley Drug Co. v. Geneva Pharmaceuticals, Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003).

This requirement serves to uncover any conflict of interest that named parties may have with the

class they represent.  *Amchem Products, Inc.*, *v. Windsor*, 521 U.S. 591, 627 (1997). "If substantial

conflicts of interest are determined to exist among a class, class certification is inappropriate."  *Id*.

Minor conflicts alone will not defeat class certification, the conflict must be "'fundamental'" to the

specific issues in the case.  *Id*.  Under this section, the Court must also consider the competency

and any conflicts that the class counsel may have.  *Amchem Products, Inc.* 521 U.S. at 627, n. 20.

The Plaintiffs contend that they fully and adequately represent the interests of the class and that their claims are not in conflict with the other members of the class.  The Plaintiffs argue that all class members will benefit from the relief sought.  Further, counsel for the Plaintiffs is experienced in class action litigation in federal court, has been involved in other cases involving H-2A workers, and will vigorously prosecute this action.  After review of the Plaintiffs' contentions, the Court concludes that the Plaintiffs have satisfied the adequacy of representation requirement under Rule 23(a).

### Rule 23(b) Requirements

The Plaintiffs contend that their claims are maintainable under Rule 23(b)(3).[5]  For class certification to be appropriate under Rule 23(b)(3), common questions must predominate over questions that affect only individual members and the class action must be a superior method for a "'fair and efficient adjudication of the controversy.'" *Cooper*, 390 F.3d at 722, *citing* Fed.R.Civ.P. 23(b)(3).  Rule 23(b)(3) imposes two additional requirements to Rule 23(a) which are the

---

[5]  Rule 23(b)(3) provides as follows:

(b) Class Actions Maintainable.  An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition: . . .

(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action. Fed.R.Civ.P. 23(b)(3).

requirements of increased efficiency and predominance.  *Id., citing Jackson v. Motel Six*, 130 F.3d 999, 1006 (11th Cir. 1997).


Predominance

The issues raised in the class action that are subject to generalized proof and which are applicable to the class as a whole "'must predominate over those issues that are subject only to individualized proof.'"  *Id., citing Kerr v. City of W. Palm Beach*, 875 F.2d 1546, 1558 (11th Cir. 1989).  "Common issues will not predominate over individual questions if, 'as a practical matter, the resolution of . . . [an] overarching common issue breaks down into an unmanageable variety of individual legal and factual issues.'"  *Id., citing Andrews v. Am. Tel. & Tel. Co.,* 95 F.3d 1014, 1023 (11th Cir. 1996).  A class should not be certified if it appears that most of the plaintiffs claims have highly case-specific factual issues.  *Id.*  The predominance requirement is "far more demanding" than the commonality requirement.  *Jackson*, 130 F.3d at 1005.

The Complaint alleges that the Fair Labor Standards Act violations and the breach of employment contract issues raised by the Plaintiffs are common to all members of the proposed class.  No factual or legal issue was raised that is not common to all of the Plaintiffs as well as the over 100 members of the proposed class.  The resolution of the Fair Labor Standards Act violations and the breach of employment contract claims will resolve each potential class member's claim.  The Court concludes that the Plaintiffs have shown adequately that common questions of fact and law predominate over any issues affecting individual class members.

<u>Superiority of Class Action</u>

Rule 23(b)(3) requires that court to find that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3). The Court looks to the four non-exclusive matters listed in Rule 23(b)(3) which are:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action. Fed.R.Civ.P. 23(b)(3).

The parties have not apprised the court of pending suits by individual class members which suggests that they lack any compelling interest in controlling the prosecution of this action. *Jim Moore Ins. Agency, Inc. v. State Farm Mut. Auto*, 2003 WL 21146714, *13 (S.D. Fla. 2003). Further, most if not all of the class members are not fluent in English, are indigent, and are unfamiliar with the American legal system which makes them unlikely to bring individual actions. There has been one other lawsuit, *Diaz v. Barajas*, Case No. 2:03-cv-631-FtM-33DNF, but that action is limited to the 2001-2002 harvest season with only a few workers involved. The Plaintiffs state that there are no other lawsuits concerning the other harvest seasons at issue here, nor has a lawsuit been brought for the remaining workers from the 2001-02 season. This forum is a desirable forum to conduct the litigation because the Defendants reside here, and the Plaintiffs worked in this area. Concerning the final factor, the Court recognizes that this class action will have some administrative burdens due to the location of the Plaintiffs, and their lack of fluency in English. However, the Court acknowledges that a class action is superior to joining each individual Plaintiff or requiring them to bring individual actions. No further difficulties of managing a class action in this case has been brought to the Court's attention. The Court

concludes that the Plaintiffs have established that a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

### Conclusion

The Court concludes that the Plaintiffs have met the burden of Fed.R.Civ.P. 23(a) and 23(b)(3), and the Court respectfully recommends that the Motion for Declaration of a Class Action (Doc. 11) be granted.  The Court respectfully recommends that the class be defined as:

> All individuals admitted to the United States pursuant to Section 101(a)(15)(H)(ii)(a) of the Immigration and Nationality Act, 8 U.S.C. §1101(a)(15)(H)(ii)(a) ("H-2A workers") who were employed by Maria R. Barajas and/or Samuel Barajas to pick citrus fruit during the 2000-01, 2001-02, 2002-03, 2003-04 Florida citrus harvests.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this April 25th, 2005.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:
All Parties of Record
Unrepresented Parties