# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**LUIS AVILA-GONZALEZ, and ISAIAS RAMIEREZ-RESENDIZ, individually and on behalf of all other persons similarly situated,**

                **Plaintiffs,**

**-vs-**                                      **Case No.  2:04-cv-567-FtM-33DNF**

**MARIA R. BARAJAS and SAMUEL BARAJAS,**

                **Defendants.**

_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR SANCTIONS FOR DEFENDANTS' FAILURE TO COMPLY WITH THE ORDER OF AUGUST 16, 2005 (Doc. No. 28)** |
| **FILED:** | **October 27, 2005** |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**, and that defaults be entered against the Defendants. |

    In the Motions for Sanctions, the Plaintiffs claim that the Defendants, Maria R. Barajas and Samuel Barajas failed to provide responses to outstanding requests for production and failed to comply with this Court's Order (Doc. 27) entered on August 16, 2005 which required the Barajas' to respond

to the First Request for Production, Inspection and Copying of Documents and Things within fifteen (15) days from the date of the Order. The Defendants failed to respond to the Motion for Sanctions. On October 20, 2005, this Court entered an Order to Show Cause (Doc. 31) which required the Defendants to show cause in writing on or before November 2, 2005, why this Court should not sanction them for failing to comply with discovery requests, and required the Defendants to provide responses to the discovery requests. This Court cautioned the Defendants that it would recommend that the Defendants be sanctioned which may include a default and default judgment being entered against them if they failed to respond to the Order to Show Cause. The Defendants failed to respond to the Order to Show Cause.

> Rule 37(d) provides in part as follows:
>
> If a party . . fails . . . (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule. . . . In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R.Civ.P. 37(d). The permissible sanctions under subdivision (b)(2)(A), (B), and (C) are as follows:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence.

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

Under Rule 37, the Court has broad discretion in awarding sanctions. <u>BankAtlantic v. Blythe Eastman Paine Webber, Inc.</u>, 12 F.3d 1045, 1048 (11th Cir. 1994). However, the Court's discretion in awarding sanctions is not "unbridled". <u>Wouters v. Martin County, Florida</u>, 9 F.3d 924, 933 (11th Cir. 1993). Permitted sanctions under Rule 37 are intended to "1) compensate the court and other parties for the added expense caused by discovery abuses, 2) compel discovery, 3) deter others from engaging in similar conduct, and 4) penalize the offending party or attorney." (citations omitted) <u>Id.</u>

The severe sanction of default judgment is to be used only "as a last resort and when less drastic sanctions would not be able to ensure a party's compliance with the court's order." <u>Sussman v. Salem, Saxon and Nielsen</u>, P.A., 154 F.R.D. 294 (M.D. Fl. 1994) "A party's simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal." <u>Id</u>. at 298. "Default is a draconian measure that should be used only in exceptional cases." <u>Id</u>. at 299.

On November 9, 2005, the Plaintiffs filed a Notice of Defendants' Noncompliance with Order of October 20, 2005 (Doc. 32). In the Notice, the Plaintiffs stated that the Defendants have not provided responses to the outstanding discovery nor has the Defendants contacted counsel for the Plaintiffs. The Defendants have failed to provide discovery, failed to comply with a Court Order, and failed to respond to an Order to Show Cause. Therefore, the Court respectfully recommends that the Motion for Sanctions for Defendants' Failure to Comply with Order of August 16, 2005 be granted and that the Clerk be directed to enter a default against the Defendants, Maria Barajas and Samuel Barajas.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __10th__ day of November, 2005.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:

All Parties of Record