UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUIS AVILA-GONZALEZ, and ISAIAS
RAMIREZ-RESENDIZ, individually and
on behalf of all other persons
similarly situated,

        Plaintiffs,

vs.                    Case No.   2:04-cv-567-FtM-33DNF

MARIA R. BARAJAS and SAMUEL
BARAJAS,

        Defendants.
_____/

**ORDER**

    This matter is before the Court on consideration of United States Magistrate Judge Douglas N. Frazier's Report and Recommendation (Doc. # 33), entered on November 10, 2005, recommending that Plaintiffs' Motion for Sanctions for Defendants' Failure to Comply with the Order of August 16, 2005 (Doc. # 28) be granted. As of this date, neither party has filed an objection to the report and recommendation, and the time for the parties to file such objections has elapsed.

    After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence of specific

objections, there is no requirement that a district judge review factual findings de novo, Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

After conducting a careful and complete review of the findings, conclusions and recommendations, and giving de novo review to matters of law, the Court accepts the factual findings and legal conclusions of the magistrate judge, and the recommendation of the magistrate judge regarding the motion.[1]

---

[1] However, this Court observes one point of difference with the Magistrate's Report and Recommendation: the District Judge, rather than the Clerk of Court, should be the entity to enter the default against Defendants in this cause. This is because the default is being entered as a sanction, rather than as a result of Defendants' failure to plead or otherwise defend. This principle is explained in Moore's Federal Practice:

> When default is entered against a party as a sanction for misconduct during judicial proceedings, only the court may enter the default. Rule 55(a) authorizes the clerk to enter the default when the "fact" of the default is made to appear. When default arises in the context of a sanction, there is no "fact" of default. Therefore, there must be a determination by the district judge that default is the appropriate sanction.

10 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 55.103[b] (3d ed. 2003).

Accordingly, this Court enters a default against Defendants in this action.[2]

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

1. United States Magistrate Judge Douglas N. Frazier's Report and Recommendation (Doc. # 33) is **ACCEPTED** and **ADOPTED.**
2. Plaintiffs' Motion for Sanctions for Defendants' Failure to Comply with the Order of August 16, 2005 (Doc. # 28) is **GRANTED** to the extent that a default is now entered against the Defendants, Maria Barajas and Samuel Barajas.
3. Plaintiffs may move for a default judgment and attorney's fees pursuant to Federal Rule of Civil Procedure 55(b) when appropriate.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this 29th day of November, 2005.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

---

[2] After three days, pursuant to Federal Rule of Civil Procedure 55(b), the Court will consider, if appropriate, a motion for default judgment. At that time, the Court will consider a motion for attorney's fees, as such was not addressed in the Magistrate Judge's Report and Recommendation.